WARREN HILL *vs.* ROBERT B. WEBB.

June 27, 1890.

**Partnership Contract—Escrow—Delivery.**—The parties signed an instrument embodying the terms of a proposed commercial partnership for five years, with the understanding that it should not operate .as a present contract, but should become such only upon the fulfilment of certain conditions, and for that reason the instrument was retained by the scrivener who drafted it. *Held*, that there was no delivery of the instrument,. and hence no contract.

**Incomplete Contract— Withdrawal.**—As long as a proposed contract rests in mere negotiation, either party may withdraw.

Appeal by plaintiff from an order of the district court for Hennepin county, refusing a new trial after a trial before *Lochren,* J., and a verdict directed for defendant.

*Harlan P. Roberts,* for appellant.

*J. N. Bearnes,* for respondent.

MITCHELL, J.    This was an action for damages for the refusal of the defendant to fulfil an alleged contract for a commercial partnership between the parties for the term of five years.    It appears that the parties, having, during their negotiations, arrived at an understanding as to the terms of the proposed partnership, went to the office of one Bradlee, who, at their instance, drew up duplicate writings embodying these terms, which both parties signed, and left in the custody of Bradlee.    It appears from the evidence that among the conditions precedent to consummating the proposed partnership were that the inventory of the stock of merchandise, then owned by the plaintiff, should amount to a certain value; also that defendant should pay in the sum of $3,800.    Plaintiff testifies that, "after the agreements were signed, Mr. Bradlee kept them.    He said he would hold them until Mr. Webb had paid the money over, which was to be the next day."    He further says: "It [the contract] was to all intents and purposes, as far as I was concerned, concluded.    There was nothing further to be done, only for Mr. Webb to pay over his share of the money."    Defendant testifies: "The contracts were left
v.43M.—35

with the Commission Syndicate people until something was performed on my part, and something performed on the part of Mr. Hill. * * * They were not delivered that night, because the deal had not been consummated. They had no right to deliver them to any one. Mr. Hill was to furnish an inventory that was to show between $10,000 and $12,000. I was to pay $2,000 in cash and a piece of real estate. The contract was left there to have the deed consummated as regards my own part, and on part of Mr. Hill." The next day, defendant went to Bradlee's office, and got the writings, and destroyed them, claiming the deal off, because plaintiff's inventory did not show the amount agreed on. Plaintiff, on the other hand, claims that the inventory amounted to as much as he agreed it should. This is substantially all the evidence on the subject of the making of a contract.

While the parties disagree as to which one is responsible for the proposed partnership not being consummated, yet it appears clearly from the testimony of both that no contract was ever in fact closed; that the whole thing still rested in mere negotiation. There may be a good verbal contract, though intended to be afterwards put in writing; and, on the other hand, there may be a writing signed by the parties, and yet no contract. In this case it is evident that the parties signed these writings upon the terms and with the understanding that they should not operate as a present contract, but should become so only upon the fulfilment of certain conditions. While a manual passing over of an instrument is not essential, yet, to constitute a delivery, the party delivering must relinquish his power over it in some way, with an express or implied intent that it shall operate as a contract. It is evident in this case that neither party relinquished his power over these papers, or intended to do so until the fulfilment of some conditions. There was therefore no delivery, and, this being so, it is immaterial which party was the cause of the contract not being consummated; for, as long as the matter rested in negotiation, either party could withdraw at his pleasure. The court was therefore right in dismissing the action.

Order affirmed.